UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

Oct 28   2 41 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

PAUL J. SILVESTER, et al.,

Defendants.

CIVIL ACTION NO.
3:00 CV 1941 (EBB)

## FINAL JUDGMENT AS TO
## DEFENDANT TRIUMPH CAPITAL GROUP, INC.

The Securities and Exchange Commission having filed a Complaint and Defendant Triumph Capital Group, Inc. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PAUL J. SILVESTER, et al.,<br><br>Defendants. | CIVIL ACTION NO.<br>3:00 CV 1941 |

## CONSENT OF DEFENDANT TRIUMPH CAPITAL GROUP, INC.

1. Defendant Triumph Capital Group, Inc. ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things, permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)]; Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 77j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1) and 80b-6(2)];

3. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Defendant waives the right, if any, to appeal from the entry of the Final Judgment.

5. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

10. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant

to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated:

September 3, 2003

_Frederick W McCarthy_
Triumph Capital Group, Inc.
By its duly authorized officer
[Name of person signing for entity]
[Title]
[Address]

Frederick W. McCarthy
Chairman
515 North Flagler Dr
Suite 801
West Palm Beach,
Florida 33401

On _September 3_, 2003, _FREDERICK W. MCCARTHY_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Triumph Capital Group, Inc. as its _CHAIRMAN_.

_____
Notary Public
Commission expires:

**Anne T. Leland**
**NOTARY PUBLIC**
My commission expires Jan. 17, 2008

Approved as to form:

_____
John F. Sylvia, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C
One Financial Center
Boston, Massachusetts 02111
617-542-6000
Attorney for Defendant

## TRIUMPH CAPITAL GROUP, INC.

## CERTIFICATE OF CORPORATE RESOLUTION

I, Frederick W. McCarthy, do hereby certify that I am the duly elected, qualified and acting Secretary of Triumph Capital Group, Inc. ("Corporation"), and that the following is a complete and accurate copy of a corporate resolution adopted by the Board of Directors of the Corporation, by unanimous vote, at a meeting duly called and held on September 3, 2003:

RESOLVED: That Frederick W. McCarthy, Chairman of the Corporation be, and hereby is, authorized to enter into, execute, deliver and perform a Consent of Triumph Capital Group, Inc. by the Corporation to the United States Securities and Exchange Commission (the "SEC") in substantially the form presented to the Board at this meeting, a copy of which is hereby ordered to be appended to the minutes of this meeting, with such changes and additions thereto as the Chairman of the Corporation shall deem necessary or appropriate, and that the Chairman of the Corporation be, and hereby is, authorized to negotiate, execute and deliver such Consent of Triumph Capital Group, Inc. with such changes and additions as he shall deem necessary or appropriate, the execution and delivery thereof to be conclusive evidence of the due authorization and approval by this Board of Directors of such Consent of Triumph Capital Group, Inc. and such changes and additions.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and is still in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument as the duly elected, qualified and acting Secretary of Triumph Capital Group, Inc. hereunto duly authorized this 3rd day of September, 2003.

*/s/ Frederick W. McCarthy*
Frederick W. McCarthy
Secretary of Triumph Capital Group, Inc.

# TRIUMPH CAPITAL GROUP, INC.

## CERTIFICATE OF INCUMBENCY

The undersigned, Peter Schofield, Controller and Treasurer of Triumph Capital Group, Inc., hereby certifies that the following named person is an officer of Triumph Capital Group, Inc. in the capacities hereinafter set forth and that the signature of said officer appearing below opposite his name and office is the true and correct signature.

**Name and Title**                                              **Signature**

Frederick W. McCarthy                                       /s/ Frederick W. McCarthy
Chairman of the Board

The undersigned further certifies that the above-named officer was duly appointed and has qualified, and is acting in the offices set forth and is incumbent therein on the date hereof.

Dated: September 3, 2003

/s/ Pete Schofield
Controller and Treasurer