UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> PAUL J. SILVESTER, et al., : <br> : <br> Defendants. : | CIVIL ACTION NO. <br> 3:00 CV 1941 (EBB) |

**APPLICATION FOR ENTRY OF CLERK'S DEFAULT
AGAINST DEFENDANT BEN F. ANDREWS, JR. PURSUANT TO FED.R.CIV. P. 55(a)**

Plaintiff Securities and Exchange Commission ("Commission") hereby requests that the Clerk enter a default against Defendant Ben F. Andrews, Jr. ("Andrews") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") for failure to answer, plead or otherwise defend against the Commission's Complaint in this action. In support of this application the Commission, through counsel, states as follows:

1. The Commission filed its Complaint in this matter on October 10, 2000. [Civ. DK No. 1]

2. The Commission served Andrews with the Summons and Complaint on October 16, 2000. A copy of the Return of Service is attached as Exhibit A to the Declaration of Thomas J. Rappaport ("Rappaport Declaration") filed herewith. As indicated, service on Andrews was effected by delivering a copy of the Summons and Complaint to him by certified mail in care of Jeremiah Donovan, Esquire, counsel for Andrews, who agreed to accept service on behalf of his client. Rappaport Declaration, ¶ 2. [Civ. DK No. 12]

3.     On November 20, 2000, the U.S. Attorney for the District of Connecticut moved to stay this action pending resolution of a parallel criminal action filed against Andrews and others titled <u>United States v. Triumph Capital, et al.</u>, Crim. No. 3:00CR217 (EBB). [Civ. DK No. 15]  On September 24, 2001, U.S.D.J. Alan H. Nevas denied the motion without prejudice to renewal, and the parties agreed to an informal stay during the pendency of the <u>Triumph</u> criminal action.

4.     On May 2, 2005, Andrews was convicted in the parallel criminal action on nine counts including federal bribery, mail and wire fraud, conspiracy to launder money, and making false statements to federal agents. [Cr. DK No.919]  Thereafter, Criminal Judgment and an Amended Criminal Judgment entered against him on May 25 and June 2, 2005, respectively. [Cr. DK Nos. 930 and 932]

5.     The criminal action against Andrews having been resolved in the district court,[1] counsel for Andrews agreed with Commission counsel to file an Answer to the Commission's complaint on or before May 20, 2005.  On May 3, 2005, counsel for the Commission sent a letter to Andrews' counsel confirming this agreement and indicating that the Commission would not seek default judgment against Andrews pending the filing and service of his Answer no later than May 20, 2005.  A copy of that letter is attached as Exhibit B to the Rappaport Declaration filed herewith.  Rappaport Declaration, ¶ 3.

6.     Despite the passage of time to answer allowed pursuant to Fed.R.Civ.P.12(a)(1) from the date of service of the complaint in October 2000, and Andrews' agreement to file an Answer by May 20, 2005, Andrews has failed to do so and is in default.  Rappaport Declaration, ¶ 4.

---

[1]     Andrews noticed an appeal of his conviction on May 23, 2005.

7. The defendant is not an infant or incompetent, nor is he in military service. Rappaport Declaration, ¶ 5.

Wherefore, the Commission respectfully requests that the Clerk enter a default against Defendant Ben F. Andrews pursuant to Fed.R.Civ.P. 55(a).

    Respectfully submitted,

*Linda B. Bridgman*
Linda B. Bridgman
District Trial Counsel
DC Bar # 304824
Fed. ID # ct 21694

Thomas J. Rappaport
Senior Enforcement Counsel
Va. Bar # 24284

ATTORNEYS FOR PLAINTIFF
SECURITIES AND EXCHANGE COMMISSION
73 Tremont Street, 6th Floor
Boston, Massachusetts 02108
(617) 573-8929 (Bridgman)
(617) 573-8986 (Rappaport)

Dated: June 13, 2005