UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SECURITIES AND EXCHANGE COMMISSION,
    Plaintiff,

v.

BEN F. ANDREWS, et al.
    Defendants.

NO. 3:00 CV 1941 (EBB)

August 1, 2005

## ANSWER OF DEFENDANT BEN F. ANDREWS, JR.

Comes now the defendant, Ben F. Andrews, Jr., and for his answer, avers and alleges as follows, responding to plaintiff's complaint paragraph-by-paragraph:

### SUMMARY

1. The allegations of this paragraph are denied.

2. The allegations of this paragraph are denied.

3. This paragraph describes the activities of persons other than Ben Andrews, and a scheme in which Ben Andrews was not involved, and Ben Andrews does not have personal knowledge of the matter. To the extent that an answer is required, the allegations are denied.

4. This paragraph describes the activities of persons other than Ben Andrews, and a scheme in which Ben Andrews was not involved, and Ben Andrews does not have personal knowledge of the matter. To the extent that an answer is required, the allegations are denied.

5. To the extent that this paragraph describes the activities of persons other than Ben Andrews, and a scheme in which Ben Andrews was not involved, Ben Andrews does not have personal knowledge of the matter. To the extent that it alleges activities of Ben Andrews, the allegations are denied.

6. To the extent that this paragraph describes the predicted future activities of persons other than Ben Andrews, and a scheme in which Ben Andrews was not involved, Ben Andrews does not have personal knowledge of the matter. To the extent that it alleges activities of Ben Andrews, the allegations are denied.

2

7. That the Commission seeks these remedies is admitted.

## JURISDICTION

8. This paragraph alleges conclusions of law to which no answer is required.

9. This paragraph alleges conclusions of law to which no answer is required.

10. The allegations of this paragraph are denied.

11. The allegations of this paragraph are denied.

## THE DEFENDANTS

12. The allegations of this paragraph are admitted.

13. The allegations of this paragraph are admitted.

14. The allegations of this paragraph are admitted.

15. The allegations of this paragraph are admitted.

16. The allegations of this paragraph are admitted.

17. The allegations of this paragraph are admitted.

18. The allegations of this paragraph are admitted.

19. The allegations of this paragraph are admitted.

20. The allegations of this paragraph are admitted.

21. The allegations of this paragraph are admitted.

22. The allegations of this paragraph are admitted.

## BACKGROUND

23. The allegations of this paragraph are admitted.

24. The allegations of this paragraph are denied.

25. The allegations of this paragraph are admitted, except to the extent that the paragraph alleges fraud.

26. To the extent that this paragraph describes the activities of persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter. To the extent that it alleges that Ben Andrews was involved in these activities, the allegations are denied.

**The Landmark Investment**

27. The allegations of this paragraph are denied.

28. To the extent that this paragraph describes the activities of persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter. To the extent that it alleges that Ben Andrews was involved in these activities, the allegations are denied.

29. The allegations of this paragraph are admitted.

30. The allegations of this paragraph are admitted.

31. The allegations of this paragraph are denied.

32. The allegations of this paragraph are denied.

33. The allegations of this paragraph are denied.

34. The allegations of this paragraph are admitted.

35. The allegations of this paragraph are denied.

36. The allegations of this paragraph are denied.

37. The allegations of this paragraph are denied.

38. To the extent that this paragraph describes the activities of persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter. To the extent that it alleges that Ben Andrews was involved in these activities, the allegations are denied.

39. To the extent that this paragraph describes the activities of persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter. To the extent that it alleges that Ben Andrews was involved in these activities, the allegations are denied.

40. The allegations of this paragraph are denied.

41. The allegations of this paragraph are denied.

42. To the extent that this paragraph describes the activities of persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter. To the extent that it alleges that Ben Andrews was involved in these activities, the

4

allegations are denied.

43. To the extent that this paragraph describes the activities of persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter. To the extent that it alleges that Ben Andrews was involved in these activities, the allegations are denied.

44. The allegations of this paragraph are denied.

45. To the extent that this paragraph describes the activities of persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter. To the extent that it alleges that Ben Andrews was involved in these activities, the allegations are denied.

**The Triumph Investment**

46-58. To the extent that these paragraphs describe the activities of persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter. To the extent that it alleges that Ben Andrews was involved in these activities, the allegations are denied.

**Violations of Duties to Disclose**

59-60. To the extent that these paragraphs describe the activities of persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter. To the extent that it alleges that Ben Andrews was involved in these activities, the allegations are denied.

**FIRST CLAIM
AGAINST DEFENDANTS
SILVESTER, LANDMARK, ALFELD, TRIUMPH, MCCARTHY AND SPADONI**

**FRAUD IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES
(Violations of Exchange Act § 10(b) and Rule 10b-5)**

61-63. To the extent that these paragraphs describe activities of and make claims against persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter and is not required to respond. To the extent that it alleges that Ben Andrews was involved in these activities, the allegations are denied.

5

## SECOND CLAIM
## AGAINST DEFENDANTS
## LANDMARK, ALFELD, TRIUMPH, MCCARTHY AND SPADONI

### FRAUD IN CONNECTION IN THE OFFER OR SALE OF SECURITIES
### (Violations of Security Act § 17(a))

64-66.  To the extent that these paragraphs describe activities of and make claims against persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter and is not required to respond.  To the extent that it alleges that Ben Andrews was involved in these activities, the allegations are denied.

## THIRD CLAIM
## AGAINST DEFENDANTS
## LANDMARK AND TRIUMPH

### PROHIBITED TRANSACTIONS BY INVESTMENT ADVISERS
### (Violations of Advisors Act §§ 206(1) and 206(2)

67-69.  To the extent that these paragraphs describe activities of and make claims against persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter and is not required to respond.  To the extent that it alleges that Ben Andrews was involved in these activities, the allegations are denied.

## FOURTH CLAIM
## AGAINST DEFENDANTS
## SILVESTER, WILSON, ANDREWS, STACK, KCATS, AND THIESFIELD

### (Aiding and Abetting Violations of Securities Act § 17(a))

70.  Defendant repeats his answers to paragraphs 1-60, above.

71-73.  To the extent that these paragraphs describe activities of and make claims against persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter and is not required to respond.  To the extent that it alleges that Ben Andrews was involved in these activities, the allegations are denied.

74.  The allegations of this paragraph are denied.

75-77.  To the extent that these paragraphs describe activities of and make claims against persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter and is not required to respond.  To the extent that it alleges that Ben Andrews was involved in these activities, the allegations are denied.

78. The allegations of this paragraph are denied.

79. The allegations of this paragraph are denied.

## FIFTH CLAIM
## AGAINST DEFENDANTS
## WILSON, ANDREWS, STACK, KCATS, AND THIESFIELD

**(Aiding and Abetting Violations of Exchange Act § 10(b) and Rule 10b-5 thereunder)**

80. Defendant repeats his answers to paragraphs 1-60, above.

81-89. To the extent that these paragraphs describe activities of and make claims against persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter and is not required to respond. To the extent that it alleges that Ben Andrews was involved in these activities, the allegations are denied.

## FIFTH CLAIM
## AGAINST DEFENDANTS
## WILSON, ANDREWS, STACK, KCATS, AND THIESFIELD

**(Aiding and Abetting Violations of Advisors Act §§ 206(1) and 206(2)))**

90. Defendant repeats his answers to paragraphs 1-60, above.

91-94. To the extent that these paragraphs describe activities of and make claims against persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter and is not required to respond. To the extent that it alleges that Ben Andrews was involved in these activities, the allegations are denied.

95. The allegations of this paragraph are denied.

96-100. To the extent that these paragraphs describe activities of and make claims against persons other than Ben Andrews, Ben Andrews does not have personal knowledge of the matter and is not required to respond. To the extent that it alleges that Ben Andrews was involved in these activities, the allegations are denied.

101. The allegations of this paragraph are denied.

102. The allegations of this paragraph are denied.

## PRAYER FOR RELIEF

The plaintiff's prayers for relief make no allegations and require no response.

7

        THE DEFENDANT
        BEN F. ANDREWS, JR,


        by: JEREMIAH DONOVAN
        123 Elm Street--Unit 400
        P.O. Box 554
        Old Saybrook, CT 06475
        (860) 388-3750
        FAX 388-3181
        Juris no. 305346
        Fed.bar.no. CT 03536


## **CERTIFICATION**

    This is to certify that on this August 1, 2005, a copy of the above and foregoing was sent first class mail, postage pre-paid, to

        Attorney Linda Bridgman
        Securities and Exchange
        Commission
        6th Floor
        73 Tremont Street
        Boston, MA 02108

---
        Jeremiah Donovan