UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
SECURITIES AND EXCHANGE        :
COMMISSION
                               :    NO. 3:00CV1941(EBB)
        v.
                               :
PAUL J. SILVESTER, ET AL
```

<u>RULING ON DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR DEFAULT</u>

This action against defendant Benjamin Andrews, inter alios, was filed on October 10, 2000. Plaintiff represents that service was accepted by Attorney Jeremiah Donovan on behalf of Mr. Andrews, a statement Mr. Donovan has not refuted.

On April 21, 2001, Mr. Donovan entered his appearance as counsel for defendant "for the purpose of the hearing on the motion to stay filed by the United States on November 20, 2000." The motion to stay was denied on September 25, 2001. On November 1, 2002, the case was transferred to this judge to whom the related criminal case against Mr. Andrews had been assigned.

On June 14, 2005, after defendant's conviction in the criminal case, plaintiff moved for entry of default as to Mr. Andrews under F.R.Civ.P. 55(a). That motion was granted by the clerk on June 20, 2005. A motion for default judgment was due on July 20, 2005. That motion was filed on July 22, 2005, and entered on the docket in error because a simultaneously filed motion for extension of time had not yet been acted upon. The motion for extension of time was granted, nunc pro tunc, on August 8, 2005. In the interim, on August 1, 2005, the pending

opposition to the motion for default, which the court construes as a motion to reopen default, was filed.

In his opposition to plaintiff's motion for default, filed forty-nine days after default was entered, plaintiff claims for all other purposes he has represented himself[1] until Mr. Donovan's general appearance was filed on August 1, 2005, although acknowledging that all pleadings, including the motion for default, were served on Mr. Donovan rather than defendant Andrews.  For these reasons, defendant claims the already-granted motion should be denied.

Plaintiff's response alleges that, from the initiation of this action to the present, its counsel has been in contact with Mr. Donovan regarding Mr. Andrews and has never been directed to contact Mr. Andrews directly.  Specifically, it claims Mr. Donovan agreed to accept service of the summons and complaint in October, 2000, all pleadings have been served on Mr. Donovan as defendant's counsel, all correspondence has been directed to Mr. Donovan and all settlement negotiations have been conducted through Mr. Donovan.  Also plaintiff claims, following completion of the criminal case against Mr. Andrews, Mr. Donovan agreed to file an answer to the complaint by May 20, 2005.  No answer was filed until August 1, 2005, concurrent with the filing of the defendant's belated opposition to the motion for default.  To date neither the defendant nor Mr. Donovan has

---

[1] If this were the case, he offers no explanation as to why he, pro se, had not entered an appearance or responded to the motion for default.

filed a response to these claims.

Under F.R.Civ.P. 55(c) the court may set aside an entry of default "for good cause shown." The court finds that the history of this case precludes any finding of good cause. Accordingly, the objection [Doc. No. 85] is overruled. Defendant shall respond to the proposed judgment filed by the plaintiff on or before December 29, 2005.

SO ORDERED.

_____
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Dated at New Haven, CT, this \_\_\_ day of November, 2005.