UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2006 JAN 27  A 10: 25

U.S. DISTRICT COURT
NEW HAVEN, CT

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.<br>: 3:00 CV 1941 (EBB) |
| PAUL J. SILVESTER, et al., | : |
| Defendants. | : |

[~~PROPOSED~~] FINAL JUDGMENT OF DEFAULT AS TO
DEFENDANT BEN F. ANDREWS, JR.

**WHEREAS**, on October 10, 2000, Plaintiff Securities and Exchange Commission (the "Commission") commenced this action by filing a Complaint against Defendant Ben F. Andrews, Jr. ("Defendant Andrews") and others and summonses were issued on that date to the same;

**WHEREAS**, in accordance with Rule 4(e)(2) of the Federal Rules of Civil Procedure, the Commission served a copy of the Summons and Complaint on Defendant Andrews by certified mail, on October 16, 2000, in care of his attorney who agreed to accept service on Defendant Andrews's behalf;

**WHEREAS**, the Court accepts as true the following factual allegations in the Complaint against Defendant Andrews, who has defaulted, and finds:

1.      This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77v(a)], Sections 21(e) and 27 of the

Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(e) and 78aa] and Section

214 of the Investment Advisers Act ("Advisers Act")[15 U.S.C. § 80b-14].

2.    The Defendants employed the means or instrumentalities of interstate commerce,

the mails, or facilities of national securities exchanges to engage in the conduct alleged in the

Complaint.

3.    Beginning as early as March 1997, Defendant Paul J. Silvester ("Silvester"), who

was then Deputy Treasurer and served as Treasurer of the State of Connecticut from July 1997

until January 1999, entered into an undisclosed kickback arrangement whereby he invested

Connecticut Retirement and Trust Funds ("Pension Fund") monies in private equity funds and

would direct the investments to particular firms that agreed to pay fees to certain of his friends

and associates, who in turn, would pay a portion of their fees to Silvester. The Pension Fund

investments were made by purchasing a limited partnership interest which constituted a security.

Silvester and Defendant Ben F. Andrews, Jr. ("Andrews") were close friends and political allies

during the period of the scheme. In May 1998, Andrews joined the scheme, which continued

into 1999. Andrews participated in the portion of the kickback scheme Silvester arranged with

Defendants Landmark Partners, Inc. ("Landmark") and its senior officer Stanley Alfeld

("Alfeld"), and funneled a portion of his fees to Silvester through another associate. Specifically,

in July 1998, Silvester invested $100 million on behalf of the Pension Fund in a limited

partnership known as Landmark Private Equity Fund VIII ("Landmark VIII") created by

Landmark to make private equity investments. The Pension Fund thereby became a limited

partner in the investment fund. Landmark was general partner of Landmark VIII and investment

adviser to the fund and its limited partners, including the Pension Fund. Silvester made the

investment because Landmark agreed to pay a $1 million finder's fee to Andrews. Andrews in turn agreed to and arranged to kickback a portion of his fee to Silvester. In December 1998, Silvester invested an additional $50 million in Landmark VIII in part because it entitled Andrews to an additional finder's fee of $500,000, a portion of which would be paid to Silvester pursuant to their kickback arrangement. Andrews performed no meaningful work in connection with Silvester's $150 million investment in Landmark VIII. Andrews received and retained a total of $250,000 in finder's fees related to the Pension Fund's $150 million investment in Landmark VIII. The payments were made in installments in September 1998, January 1999, and February 1999.

4.    Defendants Landmark and Alfeld committed primary violations of §17(a) of the Securities Act, and §10(b) of the Exchange Act and Rule 10b-5 thereunder, by paying substantial fees to Silvester's friends and associates, including Andrews, in order to secure Silvester's investment of pension fund monies, and by failing to disclose their quid pro quo arrangement to the Pension Fund. Through this conduct, Landmark also violated §§206(1) and (2) of the Advisers Act. Silvester committed a primary violation of §10(b) of the Exchange Act and Rule 10b-5 thereunder by soliciting substantial fees for his friends and associates, including Andrews, in return for investing Pension Fund monies with Landmark, receiving kickbacks of a portion of those fees, and by failing to disclose the scheme to the Pension Fund. Andrews knew or recklessly disregarded that the conduct of Defendants Silvester, Landmark, and Alfeld was improper, and he rendered substantial assistance in the commission of their violations. Andrews thereby aided and abetted the violations. In addition, Andrews' conduct involved fraud, deceit or

3

reckless disregard of regulatory requirements, and resulted in significant risk of substantial loss to the Pension Fund and its beneficiaries.

5.      As a result of his participation in the kickback scheme, Andrews received $100,000 in purported finder's fees in September 1998, $50,000 in January 1999, and $100,000 in February 1999.  Thus, Andrews received a total of $250,000 in ill-gotten gains as a result of his misconduct.

**WHEREAS**, the Commission has applied, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for the entry of this Final Judgment of Default based on Defendant Andrews's failure to answer or otherwise respond to the Commission's Complaint, and the Court having considered the *prima facie* case for relief shown by the Commission in this matter, which is supported by the full record and the Declaration of Corliss A. Primavera, dated July 21, 2005 and filed with the Commission's motion for entry of this Final Judgment, and the exhibit thereto, which showing has not been rebutted by Defendant Andrews;

**NOW THEREFORE, BASED ON THE FOREGOING:**

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Commission's application for entry of this Final Judgment of Default is GRANTED.

**II.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Andrews and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Andrews and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant

Andrews and his agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections

206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and (2)] by use of the mails or any

means or instrumentality of interstate commerce:

(a)     to employ any device, scheme, or artifice to defraud any client or prospective

client; or

(b)     to engage in any transaction, practice, or course of business which operates as a

fraud or deceit upon any client or prospective client.

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant

Andrews is liable for disgorgement of $250,000, representing profits gained as a result of the

conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of

$132,834.79, for a total of $382,834.79.  Defendant Andrews shall satisfy this obligation by

paying $382,834.79 within ten business days to the Clerk of this Court, together with a cover

letter identifying Ben F. Andrews, Jr. as a defendant in this action; setting forth the title and civil

action number of this action and the name of this Court; and specifying that payment is made

pursuant to this Final Judgment.  Defendant Andrews shall simultaneously transmit photocopies

6

of each such payment and letter to the Commission's counsel in this action.  Defendant Andrews

relinquishes all legal and equitable right, title, and interest in such payments, and no part of the

funds shall be returned to Defendant Andrews.  The Clerk shall deposit the funds into an interest

bearing account that is utilized by the Court.  These funds, together with any interest and income

earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until

further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the

Director of the Administrative Office of the United States Courts, the Clerk is directed, without

further order of this Court, to deduct from the income earned on the money in the Fund a fee

equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized

by the Judicial Conference of the United States.  The Commission may propose a plan to

distribute the Fund subject to the Court's approval.  Defendant Andrews shall pay post-judgment

interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant

Andrews shall pay a civil penalty in the amount of $ 5000 — pursuant to Section 20(d) of the

Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. §

78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)].  Defendant Andrews

shall make this payment within ten (10) business days after entry of this Final Judgment by

certified check, bank cashier's check, or United States postal money order payable to the

Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of

Financial Management, Securities and Exchange Commission, Operations Center, 6432 General

Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter

7

identifying Ben F. Andrews, Jr. as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant Andrews shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _Jan. 2 6_____, 2006


_____
THE HONORABLE ELLEN B. BURNS
SR. UNITED STATES DISTRICT JUDGE