UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> PAUL J. SILVESTER, et al., : <br> : <br> Defendants. : | CIVIL ACTION NO. <br> 3:00 CV 1941 (EBB) |

PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
OPPOSITION TO DEFENDANT BEN ANDREWS'
MOTION FOR RELIEF FROM FINAL JUDGMENT AND ORDER
AND TO HIS MOTION FOR STAY OF JUDGMENT

Plaintiff Securities and Exchange Commission (the "SEC") hereby submits its opposition to Defendant Ben Andrews' Motion for Relief from Final Judgment and Order, and to his Motion for Stay of Judgment.

### Background

This action was filed against Mr. Andrews on October 10, 2000. Mr. Andrews' counsel, Jeremiah Donovan, Esq., accepted service of the complaint on his behalf. On November 20, 2000, the United States Attorney's Office moved to intervene and to stay discovery in the proceedings. On April 21, 2001, Mr. Donovan entered his appearance for Mr. Andrews "for the purposes of the hearing on the motion to stay . . . ." The motion to stay was denied on September 25, 2001.

As of May, 2005, Mr. Andrews had still not filed an answer in this matter. The SEC warned him, through his counsel, that it would move for default if he did not do so promptly. On

1

June 14, 2005, when Mr. Andrews had still failed to file an answer, the SEC moved for entry of default against him under Fed. R. Civ. P. 55(a). Granting the motion, the Clerk of this Court entered the default on June 20, 2005.

On August 1, 2005, forty-nine days after the default was entered, Mr. Andrews filed an answer and also filed an opposition to the motion for default, which the Court construed as a motion to reopen default. *See* Order dated 11/29/05, at 2. On November 29, 2005, the Court issued an order finding that no good cause existed to set aside the default. *Id.* The Court also ordered Mr. Andrews to respond by December 29, 2005, to the final judgment proposed by the SEC. Mr. Andrews filed no response. On January 30, 2006, the Court entered Final Judgment against him.

Mr. Andrews filed the instant motion on February 7, 2006, seeking relief from the Final Judgment under Fed. R. Civ. P. 60(b) and seeking to set aside the default under Fed. R. Civ. P. 55(c).

**Argument**

Fed. R. Civ. P. 55(c) expressly allows a court to set aside a default judgment pursuant to Fed. R. Civ. P. 60(b). A motion to vacate a default judgment brought pursuant to this provision is addressed to the sound discretion of the court. *State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166 (2d Cir. 2004) (quotations and citation omitted), *cert. denied*, 125 S.Ct. 1309 (2005).

Fed. R. Civ. P. 60(b) provides that a court may relieve a party from a final judgment for reasons of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . misrepresentation or other misconduct of an adverse party; (4) the

2

judgment is void; (5) the judgment has been released, satisfied or discharged . . . ; or (6) any other reason justifying the relief from the operation of judgment." Given the extraordinary nature of the judicial relief contemplated under Rule 60(b), it is invoked only upon a showing of exceptional circumstances. *Bruce v. Community Renewal Team, Inc.*, No. 3:03-CV-1340, 2005 WL 233823, at *1 (D. Conn. Jan. 27, 2005) (Burns, S.J.) (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986)).

Here, Mr. Andrews premises his motion on a supposed mistake make by his counsel. More specifically, Mr. Andrews suggests that his counsel made a mistake in thinking when he filed his opposition to the motion for default on August 1, 2005, that no default had been entered. *See* Memorandum in Support of Motion for Relief from Final Judgment and Order, at 2. He asserts, "If counsel had realized that the default had been entered, he would have entitled [his opposition] a motion to set aside a default pursuant to Rule 55(c), which we believe, would have been granted." *Id.* at 3. However, to the extent there was any error, the Court recognized the error and rectified it: the Court expressly stated that it had treated Mr. Andrews' submission as a motion to set aside the default under Rule 55(c). *See* Order dated 11/29/05, at 2-3. Applying the proper standard under Rule 55(c), the Court then proceeded to deny the motion, finding no good cause to grant it. *Id.* at 3. Because the Court corrected Mr. Andrews's error, there was no harm to Mr. Andrews because of it, and his motion for relief from final judgment, which is based on this error, should be denied.

Further, as this Court has noted, "the Second Circuit has consistently declined to relieve a client under subsection (1) of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of

3

court, or her inability to effectively manage her caseload." *Bruce,* 2005 WL 233823, at *1 (citations and internal quotation marks omitted). "This is because a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions." *Id.* (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633-34 (1962)).

Mr. Andrews asks the Court to grant him the extraordinary relief of nullifying the final judgment against him even though he failed to avail himself of numerous opportunities to avoid the result. For example, he did not file his complaint until nearly four years and ten months after the complaint was filed and over three years and ten months after the motion for a stay was denied. When the SEC told him in May 2005 of its intentions to seek a default against him unless he filed his answer, Mr. Andrews still declined to do so. Indeed, he did not do so until some forty-nine days after the default itself was entered.

Mr. Andrews also failed to avail himself of his opportunities to argue against the final judgment before it was issued. In his opposition to the default, for example, he never justified his extended delay in filing his answer. In addition, once the Court had declined to set aside the default, Mr. Andrews had the opportunity to seek reconsideration of that decision, but he decided not to do so. *See id.* at *1 (denying Rule 60(b)(1) motion where counsel did not file opposition to motion to dismiss or timely motion to reconsider). Further, despite the Court's order seeking Mr. Andrews' response to the judgment proposed by the SEC, he declined to provide one. *See United States v. Endross,* 440 F.2d 1221, 1223 (2d Cir. 1971) (affirming denial of Rule 60(b)(1) motion where counsel failed to file opposition to motion for default judgment);

Mr., Andrews claims he now has an incentive to settle this matter, but he also had many opportunities to do so before the judgment entered and simply chose not to. Mr. Andrews

4

suggests that he made no effort to settle the case while there was still the opportunity for an acquittal in his criminal matter, but he also did not settle it after his conviction either. Indeed, he was convicted on October 29, 2003; his post-trial motions were denied on April 1, 2005; and he was criminally sentenced on May 25, 2005. Yet, none of these events prompted him to settle this matter, suggesting that his failure to settle the matter was a deliberate course of action.[1]

Finally, the Second Circuit has listed three criteria that courts should consider in determining whether to vacate a default judgment: "(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir.1983). With regard to the first criterion, the Second Circuit has held that "willfulness" does not require a showing of deliberate default or bad faith on the part of the defaulting party. *See Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59-60 (2d Cir.1996); *see also Jones v. Herbert*, No. 02-CV-0847E(F), 2004 WL 3267285, at *2 (W.D.N.Y. Oct. 27, 2004) (citing same). Here, as demonstrated above, Mr. Andrews' decision not to file an answer until well after he was defaulted was wilful and not the product of excusable neglect. Also, Mr. Andrews has not offered and cannot offer a meritorious defense to the claims against him. *See State Street Bank and Trust Co.*, 374 F.3d at 167 (To establish a meritorious defense, defendant "must present

---

[1] In attempting to convince the Court to vacate the final judgment and force a settlement, Mr. Andrews has suggested that the civil penalties imposed on him were far out of line than those imposed on other defendants who settled to consent judgments. It would be proper to differentiate Mr. Andrews from that group because unlike them, he chose not to settle. However, as it is, the Court imposed only a $5,000 civil penalty on him. This penalty is not only in line with the penalties agreed to by settling defendants, it is much lower than the penalty imposed on a number of them. *See* Final Judgment as to Landmark Partners, Inc. dated 12/14/00 ($100,000 penalty); Final Judgment as to Stanley Alfeld dated 12/14/00 ($50,000 penalty); Final Judgment as to Frederick McCarthy dated 10/28/03 ($110,000 penalty); *see also* Consent to Final Judgment as to Jerome Wilson dated 11/17/05 (consent to $50,000 penalty; final judgment pending).

evidence of facts that, if proven at trial, would constitute a complete defense.") (citation and internal quotation marks omitted). Indeed, he has already been criminally convicted and sentenced for the same conduct that forms the basis of the claims at issue here. Further, the SEC will suffer harm, if not prejudice, if the default judgment is vacated and the default itself removed. The SEC gave Mr. Andrews every opportunity to participate in these proceedings, but he repeatedly declined to do so. As a result, the SEC was forced to spend time and resources briefing its motion for default, its motion for default judgment, and now this opposition. If the final judgment is vacated, the SEC will then have to spend additional time and resources to litigate this matter (including filing a summary judgment brief), all in the hopes of securing a final judgment like one already in place.[2]

---

[2] Because Mr. Andrews' motion for relief from final judgment and order has no merit, the SEC submits that his motion for stay of judgment should be denied as well.

## Conclusion

For the foregoing reasons, the SEC respectfully requests that the Court deny Mr. Andrews' Motion for Relief from Final Judgment and Order, and his Motion for Stay of Judgment.

Respectfully submitted,

SECURITIES AND EXCHANGE COMMISSION

By its attorneys,

Luke T. Cadigan (Fed. Bar No. phv0552)
  Senior Trial Counsel
Thomas J. Rappaport (Fed. Bar No. phv0404)
  Senior Enforcement Counsel
73 Tremont Street, 6th Floor
Boston, Massachusetts  02108
(617) 573-8919 (Cadigan)
(617) 573-8986 (Rappaport)
(617) 424-5940 (fax)

Local Counsel:
John B. Hughes (Fed. Bar No. CT-05289)
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
Connecticut Financial Center
157 Church Street, 23rd Floor
New Haven, CT 06510

Dated: February 13, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2006, I served copies of the foregoing Opposition to Defendant Ben Andrews' Motion for Relief from Final Judgment and Order and to His Motion for Stay of Judgment by first-class mail to each of the following:

Jeremiah Donovan, Esq.
123 Elm Street, Unit 400
P.O. Box 554
Old Saybrook, CT 06475
*Counsel for Defendant Ben F. Andrews, Jr.*

Alfred U. Pavlis, Esq.
Gage & Pavlis
107 John Street
Southport, CT 06490
*Counsel for Defendant Jerome Wilson*

Richard M. Asche, Esq.
Russell M. Gioiella, Esq.
Litman, Asche & Gioiella, LLP
45 Broadway, 30th Floor
New York, NY 10006
*Counsel for Defendant Charles B. Spadoni*

John B. Hughes
Connecticut Federal Bar No. Ct05289
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
Connecticut Financial Center
157 Church Street, 23rd Floor
New Haven, CT 06510
*Local counsel for the Plaintiff*

_/s/ Luke Cadigan_
Luke T. Cadigan (Fed. Bar # phv0552)
Senior Trial Counsel
Securities and Exchange Commission
73 Tremont Street, 6th Floor
Boston, MA 02108
Phone: (617) 573-8919
Fax: (617) 424-5940
E-Mail: cadiganl@sec.gov